UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA      :
                              :
     -against-                :          No. 12 Cr. 691 (JFK)
                              :          **OPINION & ORDER**
JOSEPH ROMANO,                :
                              :
              Defendant.      :
------------------------------X

APPEARANCES

FOR UNITED STATES OF AMERICA
Eric H. Holder, Jr.
  Attorney General of the United States
William J. Hochul, Jr.
  United States Attorney, Western District of New York
By:  Marshall L. Miller
     Una A. Dean

FOR DEFENDANT JOSEPH ROMANO
George R. Goltzer
Michael K. Bachrach


**JOHN F. KEENAN, United States District Judge:**

Before the Court is the Government's motion in limine

seeking to admit certain evidence as direct evidence of the

conspiracy with which Defendant Joseph Romano ("Defendant" or

"Romano") is charged.  The Government moves in the alternative

to admit the evidence under Federal Rule of Evidence 404(b).


## I.    Background

Familiarity with the facts of this case is presumed.

Briefly stated, Defendant has been charged with conspiracy to

murder a United States District Judge (the "Judge") and an

Assistant United States Attorney (the "AUSA") in violation of Title 18, United States Code, Sections 1114 and 1117. The Government alleges that Romano planned to hire one or more purported "hit men" to murder the AUSA, who had prosecuted Romano for his participation in a fraud relating to the telemarketing and sale of coins, as well as the Judge, who had sentenced him in the coin fraud case. The indictment also charged Romano's co-defendant, Dejvid Mirkovic, with helping Romano to orchestrate the contract murders. Mirkovic pled guilty to one count of conspiracy to murder an employee of the United States on March 13, 2013, and was sentenced by this Court on August 1, 2013 to 24 years of imprisonment.

The Government has asked the Court to find evidence regarding Romano's coin fraud schemes admissible at trial. According to the Government, there were two distinct but similar schemes: one that lasted from about August 2001 through November 2008, and another lasting from February 2009 through March 2010. Romano was indicted on the earlier fraud in the Eastern District. The latter fraud, which occurred while the criminal case was pending, caused the Judge to revoke Romano's bail. The Government also asserts that the latter fraud yielded the funds that were supposed to pay the purported hit men in the instant case.

2

The Government also seeks to introduce statements by Romano describing "violations of the conditions of his pretrial release, witness tampering, assault on a witness and efforts to escape prison." (Letter Br. at 2.)

## II.  Discussion

### A.    Uncharged Criminal Activity as Direct Evidence

Evidence of uncharged criminal activity is not considered "other crimes" evidence under Rule 404(b) if the activity "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997) (internal quotation marks and alterations omitted).  In cases where the Government must prove a conspiracy existed, evidence of acts committed in furtherance of the conspiracy is not Rule 404(b) "other acts" evidence, but instead is admissible as direct evidence of the acts charged in the indictment. United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992).

If a court determines that evidence is admissible as intrinsic or direct proof of the charged crimes, as distinguished from "other acts" under Rule 404(b), the Government need not fulfill Rule 404(b)'s notice requirement,

and the Court is not required to instruct the jury against making an improper inference of criminal propensity. <u>See</u> <u>United States v. Brand</u>, No. 04 Cr. 194, 2005 WL 77055, at *3 (S.D.N.Y. Jan. 12, 2005). However, "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." <u>United States v. Nektalov</u>, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004); <u>see also</u> 1 Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 404.02[12] (10th ed. 2011) (noting that "there is no significant cost to requiring a Rule 404(b) analysis:  all the prosecution must do is establish a not-for-character purpose for the bad acts evidence, and give pretrial notice").

### 1.    The Coin Schemes and "Assault"

It is appropriate to admit the evidence pertaining to Defendant's fraudulent coin schemes as direct evidence of the charged conspiracy, because this evidence meets the standard recited in <u>Gonzalez</u>. First, this evidence "is inextricably intertwined with the evidence regarding the charged offense" in that Romano allegedly used the proceeds from the second coin fraud to pay for the murder contract. Second, the evidence "is necessary to complete the story of the crime on trial," namely,

4

conspiring to murder the Judge and AUSA because of their association with the coin fraud prosecution.

Defendant concedes that his prior conviction and sentence are admissible but proposes that the jury be informed of "nothing more than this very basic framework," i.e., the bare fact of Romano's conviction for participating in the coin scheme. (Def. Opp. at 6.)  Such limited disclosure would be insufficient in this case because it would give the jury no information about Romano's co-conspirator, Dejvid Mirkovic. Because the relationship between Romano and Mirkovic is central to the orchestration of the conspiracy, the "story of the crime on trial" would be incomplete if the jury was furnished with nothing more than the mere fact of Romano's coin fraud conviction. Gonzalez, 110 F.3d at 942.

The Government also alleges that in August 2012, Defendant contrived to "test" the men he believed to be hit men by first hiring them to assault a man before trusting them with the larger job of murdering the Judge and AUSA. (Reply at 5; Gov. Motion of Feb. 19, 2013 at 4-5.)  Both Romano and Mirkovic allegedly discussed this assault with the undercover officer posing as a contract killer, and Romano "further indicated that he had additional assignments for [the undercover officer] once the assault was successfully completed." (Gov. Motion of Feb. 19, 2013 at 4.)  Evidence regarding this "assault" is plainly

5

admissible as direct evidence because when Romano acted to hire these "hit men" for the assault, he did so to further the charged conspiracy to use these men to murder the Judge and AUSA.

Defendant urges that both the coin fraud evidence and the "assault" evidence must be excluded under Rule 403 because it is unfairly prejudicial and impermissibly cumulative. The Court disagrees on both counts. First, the danger of unfair prejudice is relatively low, since the behavior alleged in the evidence (fraud and assault) is considerably less inflammatory than the charged conduct (conspiracy to murder). See, e.g., United States v. Stanley, No. 09 Cr. 141, 2010 WL 1633459, at *2 (E.D.N.Y. Apr. 21, 2010) (citing United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000)); United States v. Kassir, No. 04 Cr. 356, 2009 WL 976821, at *6 (S.D.N.Y. Apr. 9, 2009) (citing United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999)). And any potential danger that the evidence might be needlessly cumulative is outweighed by its considerable probative value. See generally 1 Saltzberg, Martin & Capra, supra, § 404.02[12] ("[I]t would be the rare case in which proof of an inextricably intertwined act could be considered so prejudicial as to justify exclusion under Rule 403."). The Court therefore concludes that this evidence survives Rule 403 balancing and is properly admitted as intrinsic proof of the alleged crime.

6

### 2.     Bail Revocation, Witness Tampering, and Escape

As for the other evidence the Government seeks to admit, the Court sees no valid reason to admit this as direct evidence of the charged conspiracy.  The revocation of bail occurred as a consequence of Defendant's participation in the second coin fraud scheme.  Although evidence of the underlying scheme is admissible, the Government does not explain why the fact that Defendant's bail was revoked is significant to the instant case. The mention of witness tampering appears to be a reference to Rusty Barnes, a co-defendant in the earlier coin fraud prosecution who Defendant allegedly assaulted to dissuade him from cooperating with the Government. (Gov. Motion of Feb. 19, 2013 at 7-8.)  But the Government has not shown that evidence of witness tampering in a prior case constitutes direct evidence of the charged conspiracy in this one.  As for Defendant's alleged plans to escape prison, the Government contends that these "were also part of his overarching plot to avoid his 15-year sentence, as was the plan to kill the judge and the AUSA." (Reply at 5.) However, the fact that these schemes may have shared a common purpose is not sufficient.  For the evidence to come in as direct proof of the charged conspiracy, the plans to escape must have actually been intertwined with the plans to murder the Judge and AUSA.  The Government fails to demonstrate that this was the case.

7

The Government also urges that all of this evidence further "puts into context the dynamic of the relationship between the defendant and Mirkovic" and others. (Id.)  But the true test for admissibility of evidence as intrinsic proof of the charged crime "is not whether the evidence provides context or is relevant, but rather whether it meets the criteria set forth in Gonzalez." Kassir, 2009 WL 976821, at *2.  Aside from the evidence pertaining to the two coin frauds and the test of the purported hit men, the evidence the Government seeks to admit does not meet these criteria and cannot be introduced as direct proof of the charged conspiracy.

## B.    Admissibility of Proffered Evidence Under Rule 404(b)

The Government moves in the alternative for the admission of its evidence as "other act" evidence under Federal Rule of Evidence 404(b).  The rule provides, in relevant part:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

8

The Supreme Court has set forth four requirements that should be followed by a court exercising its discretion under Rule 404(b): "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction." United States v. Downing, 297 F.3d 52, 58 (2d Cir. 2002) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)). In the instant case, the Government has consented to a limiting instruction as to any evidence admitted under Rule 404(b).

The Second Circuit has adopted an "inclusionary approach" to Rule 404(b), admitting evidence of prior crimes, wrongs, or acts "unless it is for the sole purpose of showing defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402." United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996). A district court need only determine by a preponderance of the evidence under Rule 104(a) whether a jury could reasonably find that the defendant committed the proffered prior acts. See Huddleston, 485 U.S. at 687-90. The court has broad discretion to admit evidence pursuant to Rule 404(b), and its ruling will not be overturned on appeal absent an abuse of discretion. See, e.g., United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000).

9

In conspiracy cases, "other acts" evidence may be admitted under Rule 404(b) "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." Williams, 205 F.3d at 33-34.  Where the prior bad acts are of the same nature as the charged crime, the evidence's relevance as background is clear. See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990).  However, the Second Circuit has also upheld the introduction of prior bad acts dissimilar to the charged conduct where the evidence tends to establish "the development of the relationship" and "the basis for the trust" between co-conspirators. United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009); see Williams, 205 F.3d at 33; Pascarella, 84 F.3d at 73.  Nevertheless, even relevant prior bad act evidence may be excluded where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### 1.    Preparation and Plan

The Government asserts that the evidence that Defendant tampered with a witness and made efforts to escape prison is

admissible under Rule 404(b) to prove preparation and plan.  It argues that Defendant engaged in a course of conduct that was calculated to obstruct justice, which "began with the witness tampering and assault, continued through his efforts to escape, and culminated with the murder conspiracies." (Letter Br. at 6.)

The Court is not persuaded by this argument for admissibility.  The Government makes no attempt to explain how witness tampering and attempted escape "prepared" Romano to engage in the charged conspiracy.  And even if one buys the Government's contention that all of Defendant's conduct falls under one large umbrella called "obstructing justice," it is not credible that Defendant "planned" all of his actions as a course of conduct.  Indeed, if his efforts to tamper with his coin fraud prosecution had been more successful, he would have had no reason to seek reassignment of his case by allegedly conspiring to kill the presiding Judge.  The Court therefore rejects the Government's argument for admissibility to prove preparation and plan.

### 2.   Relationship and Trust

The Government represents that Defendant made statements about the alleged other acts — witness tampering, an escape attempt, and violation of the conditions of his pretrial release (i.e., the second coin fraud) — during conversations with

11

Mirkovic and with a perceived coconspirator. (Letter Br. at 2.) The Government argues that these statements are therefore admissible to demonstrate the relationships Defendant allegedly had with these men. (Reply at 5.)

The Court is mindful that the Second Circuit's inclusionary approach tends to permit evidence of acts, even where dissimilar to the charged conduct, if the evidence would establish "the development of the relationship" and "the basis for the trust" between co-conspirators. Mercado, 573 F.3d at 141.  In the instant case, Defendant's recorded statements may provide support for the Government's contention that he trusted Mirkovic and his perceived co-conspirator, which is a valid not-for-character purpose for admitting the statements.  Additionally, the Government represents that Romano made statements about both the charged conspiracy and the other acts in the same conversations, such that it would be difficult to redact the conversations without confusing the jury. (Reply at 3.)

However, the Court cannot determine whether Romano's statements are admissible without reviewing them.  Nor can the Court assess the validity of the Government's representation that redaction is not feasible.  Accordingly, the Court makes no ruling at this time as to whether the statements may be offered to demonstrate Defendant's relationships with his co-conspirators (both actual and perceived).  If the Government

12

still wishes to offer this evidence under Rule 404(b), it is directed to submit a copy of the relevant transcripts or recordings within fourteen days of this Opinion. See United States v. Defreitas, No. 07 Cr. 543, 2010 WL 2292194, at *3 (E.D.N.Y. June 3, 2010) (reserving judgment because transcripts "would permit the court to more effectively evaluate the government's alternative arguments that the statements in question . . . satisfy the requirements of Rule 404(b) and Rule 403"). There is no need for supplemental briefing from either side on this limited issue, because the parties' positions on admissibility have already been briefed.

The Court finally notes that, regardless of whether Defendant's statements about his other acts are ultimately deemed admissible, the Government will not be permitted to offer additional evidence of these acts. To the extent the statements regarding the acts are admissible, it would be for the limited purpose of establishing trust between Romano and his co-conspirators. Any additional evidence of these acts over and above Romano's statements to those co-conspirators would not be probative of this trust and would serve only to distract the jury from the case actually being tried. See Fed. R. Evid. 403; United States v. Aboumoussallem, 726 F.2d 906, 912-13 (2d Cir. 1984) (upholding exclusion of evidence where the lower court

13

determined that the evidence's probative value was substantially outweighed by the danger of a "trial within a trial").

### III. Conclusion

For the reasons stated above, evidence regarding both of Defendant's coin fraud schemes is admissible as direct evidence of the charged conspiracy.  Evidence about Defendant's alleged hiring of purported "hit men" to assault a witness is also admissible as direct evidence.  Evidence regarding Defendant's alleged witness tampering, escape attempt, and violation of pretrial release is not admissible as direct evidence of the charged crimes, nor is it admissible under Rule 404(b) to demonstrate preparation and plan.  This Opinion contains no ruling on whether Defendant's statements regarding the other acts are admissible under Rule 404(b) to establish his relationships with his co-conspirators.

**SO ORDERED.**

Dated:      New York, New York
            August  2 7 , 2013

_____
                    John F. Keenan
            United States District Judge

14