**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

MLM:UAD

November 1, 2013

VIA HAND DELIVERY AND ECF

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: United States v. Joseph Romano
Criminal Docket No. 12-691 (JFK)

Dear Judge Keenan:

In an opinion and order dated August 27, 2013, the Court granted the government's motion to admit evidence of other bad acts in part, denied the motion in part, and directed the government to submit certain of the defendant's statements to the Court regarding prior bad acts to determine their admissibility to prove the defendant's state of mind and relationships with coconspirators. On September 9, 2013, the government submitted two video recordings and six audio recordings involving defendant Joseph Romano and actual and perceived coconspirators, and two letters from Romano to codefendant and coconspirator Dejvid Mirkovic. In an order dated October 17, 2013, the Court further directed the government to submit a letter brief setting forth: (1) the lines it wishes to admit from the recordings and letters, and (2) the rationale for doing so. The government respectfully submits this letter brief in response to that direction.

## I. Introductory Requests

Should the Court make a final determination that certain recordings may not be admitted in their entirety, the government respectfully requests that the Court instruct the jury that (1) the recordings were obtained lawfully and have not been manipulated, (2) the recordings captured the entireties of the relevant conversations, (3) the Court has determined the relevant portions

of the recorded conversations, with the input of the parties, and admitted only those portions, and (4) the jury must not speculate as to what else might have taken place or been said during the portions of the conversations that were not played in court.

As the defense has objected to the admission of portions of the recordings under Rules 403 and 404(b) of the Federal Rules of Evidence, see Def. Memo. of Law, June 21, 2013, at 11-15, the government further respectfully submits that the defense should also be bound by the Court's ruling on the recordings. In short, the government respectfully requests that the defense not be permitted to offer additional excluded portions of the recordings during any defense case, beyond those determined by the Court to be relevant and admissible. To grant a motion to exclude evidence, then allow the moving party to offer that same evidence would confuse the jury and smack of legal gamesmanship. Cf. United States v. Kadir, 718 F.3d 115, 123, 123 n.2 (2d Cir. 2013) (upholding district court's evidentiary ruling and noting that defendant's contention that photographs were inadmissible was "undermined by his gamesmanship, most notably his introduction of all of the photos as part of his defense") (emphasis in original).

The government further requests leave to reargue for admission of the recordings and letters in their entireties, or additional portions thereof, should a defense be advanced that alters the decision-making framework, such as a defense of unsolicited action by the defendant's coconspirator or entrapment. See, e.g., Sorrels v. United States, 287 U.S. 435, 451 (1932) ("if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition…"). Additional portions of the recordings may also become relevant and admissible during cross-examination of defense witnesses or in a rebuttal case.

## II. Redacting Additional Recordings

The government also intends to offer other recordings containing statements by the defendant – in addition to the recordings submitted to the Court in connection with the instant Rule 404(b) motion – which do not refer to prior bad acts by the defendant, but contain references to extraneous matters. In keeping with the reasoning of the Court's October 17, 2013 order, the government and the defense have agreed to work together to excise portions of the recordings that relate to extraneous matters. If the parties cannot

reach an agreement, we will present the portions of the recordings in dispute to the Court for a determination.

III. The August 10, 2012 Meeting with a Confidential Informant

On August 10, 2012, during the heart of the charged conspiracy crimes, the defendant Joseph Romano engaged in a conversation at a detention facility with a confidential informant, which was captured by audio and video recording. The government wishes to admit the following portions of that conversation, identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit A.[1]

A. Page 2, Lines 1 through 4. This portion captures the preamble recorded by the law enforcement officer who outfitted the informant with the recording device. The government seeks to admit this portion as part of the authentication of the recording.

B. Page 17, Line 10 through Page 22, Line 1. This portion begins with the defendant and the informant discussing their relationship, including mutual acquaintances and possible future business ties. One of the individuals mentioned – Harold – is the "investigator" who purportedly could link Romano to a contract killer. Thereafter, the defendant and the informant discuss the judge and prosecutor whom the defendant was targeting for murder, the judge's family, the sentence imposed by the judge, and the manner in which the judge would be killed. The government seeks to admit this portion as direct evidence of the charged crimes, as well as to demonstrate the defendant's state of mind and his relationship with the informant.

C. Page 23, Line 28 through Page 29, Line 43. At the beginning of this portion, the conversation between the defendant and the informant turns to "[t]hese mothafuckas," a reference to the targets of the murder conspiracy. As the portion continues, the defendant describes methods of torture that he wants to use against the judge and the prosecutor and discusses his desire for revenge. The defendant and the informant also discuss the defendant's relationship with "David," a reference to coconspirator Dejvid Mirkovic, and the property that was taken from the defendant in the course of the coin fraud prosecution. The portion ends with the

[1] The portions proposed for redaction include escape planning, discussions of a sexual nature, disparagement of cooperating witnesses and a court officer, conversations regarding the defendant's arrest, and discussions regarding the informant's court case.

defendant and the informant discussing methods of surreptitious communication, such as through one-on-one meetings and through a cellular phone that the defendant wants the informant to obtain for him. The government seeks to admit this portion as direct evidence of the charged crimes, including evidence regarding the underlying coin fraud schemes, which the Court has ruled admissible, as well as to demonstrate the defendant's state of mind and his relationships with coconspirator Mirkovic and the informant.

D. Page 33, Line 39 through Page 42, Line 12. This portion begins with a reference to Harold and a discussion of what Harold's "guys" (i.e., the contract killers) can do for the defendant. The defendant and the informant then discuss the judge and prosecutor, methods of torture, how to safeguard information, and other individuals that the defendant wants assaulted. In discussing such assaults, the defendant makes a veiled reference to Nick Pittas, whom the defendant and Mirkovic subsequently hired an undercover officer to assault. The defendant also complains about his defense attorneys from the coin prosecution, whom he and Mirkovic later make inquiries of the undercover officer about assaulting or murdering. This portion closes with a discussion of the killing of the judge and prosecutor, different methods of murder and torture, the contract killers with whom the informant can put the defendant in touch, the defendant obtaining a cellular telephone in jail to communicate surreptitiously, and the defendant paying the informant. The government seeks to admit this portion as direct evidence of the charged crimes, including evidence regarding the Pittas 'assault,' which the Court has ruled admissible, as well as to demonstrate the defendant's state of mind and his relationship with the informant.

E. Page 51, Line 17 through Page 55, Line 32. This portion begins with the informant indicating that he can obtain a cellular telephone for the defendant so that the defendant can communicate with the "investigator," a veiled reference to the contract killer, from his prison cell. The defendant and the informant then discuss the defendant's desired timing for a prison visit from the contract killer. The defendant and the informant also discuss the defendant's access to money, his poor credit rating caused by the coin fraud prosecution, and his anger that the judge and prosecutor "destroyed" him. The defendant then explains his relationship with Dejvid Mirkovic and Mirkovic's continued provision of money to the defendant. The government seeks to admit this portion as direct evidence of the charged crimes, including the set-up of the first overt act charged in the indictment, as well as to demonstrate the

defendant's state of mind and his relationships with coconspirator Mirkovic and the informant.

F. Page 56, Line 19 through the End. During this portion, the defendant and the informant discuss Dejvid Mirkovic, the defendant's financial relationship with Mirkovic, the Florida coin business, and the prosecutor. The portion ends with two lines of concluding comments by the law enforcement officer who provided the recording device to the informant. The government seeks to admit this portion as direct evidence of the charged crimes, including evidence regarding the underlying coin schemes, which the Court has ruled admissible, to demonstrate the defendant's state of mind and his relationships with coconspirator Mirkovic and the informant, and to complete the authentication of the recording.

## IV. The August 16, 2012 Telephone Call with Mirkovic

On August 16, 2012, while in custody, defendant Romano engaged in a telephone call with coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, which took place during the heart of the charged conspiracy crimes. The portions are identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit B.[2]

A. Page 2, Lines 1 through 26. During this portion, a recording indicates that the call is being placed from Nassau County jail, the defendant and Dejvid Mirkovic greet each other, and the defendant asks Mirkovic to perform a task for him. The government seeks to admit this portion to authenticate the recording, introduce the participants in the conversation, and demonstrate the relationship between the defendant and coconspirator Mirkovic.

B. Page 4, Line 8 through Page 5, Line 22. During this portion, the defendant and Dejvid Mirkovic discuss Mirkovic's visit to the prison, and the defendant directs Mirkovic to complete certain tasks that the defendant is careful not to spell out on the recorded call. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

C. Page 6, Line 13 through the End. During this portion, the defendant and Dejvid Mirkovic again discuss Mirkovic's duties to

[2] The portions proposed for redaction include a conversation about the inside of the defendant's home and references to sexual activity.

perform on behalf of Romano. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

## V. The August 21, 2012 Meeting with the Undercover Officer

On August 21, 2012, while in custody, the defendant Joseph Romano engaged in a conversation with an undercover officer that was captured by audio and video recording. The first overt act charged in the indictment centers around this meeting. The government respectfully submits that this entire recording should be entered into evidence, because the meeting is of great significance to the case, took place during the heart of the charged conspiracy crimes, and in the government's view, does not contain portions that would serve to waste time, confuse or disgust the jury. A transcript of the recording is attached as Exhibit C.

During the conversation, the defendant and the undercover officer discuss, inter alia, the underlying coin fraud prosecution, Romano's anger at the judge, the assault of Nick Pittas, the motive for that assault, the developing relationship between the defendant and the undercover officer, payment for the assault, future communications and meetings with Romano and Romano's emissaries, additional work that Romano has for the undercover officer, how to communicate over prison telephones, the property that was taken from the defendant in the course of the coin fraud prosecution, the address for Nick Pittas, and the timing of the assault and other additional work. Defendant Romano also takes the telephone number of the undercover officer, which he later passes on to coconspirator Dejvid Mirkovic. The statements of defendant Romano regarding all of these topics are direct evidence of the charged crimes. Where other topics are discussed, those discussions are important evidence demonstrating Romano's state of mind and the developing relationship between Romano and the undercover officer.

## VI. The August 21, 2012 Telephone Call with Mirkovic

Shortly after the August 21, 2012 meeting between the defendant Joseph Romano and the undercover officer, Romano placed a telephone call from prison to coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, identified by page and line number of the

transcript of that conversation, a copy of which is attached as Exhibit D.[3]

A. Page 2, Lines 1 through 7. During this portion, a recording indicates that the call is being placed from Nassau County jail, Dejvid Mirkovic answers the call, and Mirkovic and Romano greet each other. The government seeks to admit this portion to authenticate the recording and introduce the participants in the conversation.

B. Page 3, Lines 20 through 28. During this portion, defendant Romano indicates to Mirkovic that he has something "important that I need you to do," a veiled reference to a task associated with the murder conspiracy. Mirkovic agrees to perform the task. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

C. Page 5, Line 9 through Page 6, Line 15. During this portion, defendant Romano and Mirkovic discuss Mirkovic's next visit to New York, during which Mirkovic ultimately paid an undercover officer to assault Nick Pittas for Romano. Romano also indicates that he needs to get Mirkovic a message. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

D. Page 8, Line 19 through Page 9, Line 27. During this portion, defendant Romano discusses giving Mirkovic a telephone number to investigate. A later conversation makes clear that the telephone number is the number provided to Romano by the undercover officer. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

E. Page 10, Lines 16 through the End. During this portion, defendant Romano and Mirkovic conclude the call with friendly words. The government seeks to admit this portion as evidence of the relationship between the defendant and Mirkovic and to complete the authentication of the recording.

---

[3] The portions proposed for redaction include conversation about Mirkovic's family, small talk regarding the Nassau County Correctional Center, and discussion of Romano's house and family, drivers' licenses and traffic tickets.

VII. The August 22, 2012 Letter to Mirkovic

On August 22, 2012, Romano sent a letter to coconspirator Dejvid Mirkovic. A copy of the letter is attached as Exhibit E. In that letter, Romano assigns Mirkovic six tasks and indicates that he needs Mirkovic to "pay attention to the things wich [sic] concern [his] future." Included among the six tasks are an "offshore account," "information on how to disappear," and obtaining fake identification. The government seeks to admit the letter as evidence of the defendant's conspiratorial relationship with Mirkovic during the heart of the charged conspiracy crimes, as well as Mirkovic's willingness to act as the defendant's agent outside of prison. In addition, admission of the letter is important to the jury's ability to understand subsequent coded conversations that refer to the six tasks and the murder plot, such as the conversation identified in Section XI(B) below.

VIII. The August 24, 2012 Telephone Call with Mirkovic

On August 24, 2012, Romano placed a telephone call from prison to coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit F.[4]

A. Page 2, Lines 1 through 11. During this portion, a recording indicates that the call is being placed from Nassau County jail, Dejvid Mirkovic answers the call, and Mirkovic and Romano greet each other. The government seeks to admit this portion to authenticate the recording, introduce the participants in the conversation, and demonstrate their relationship.

B. Page 3, Line 39 through Page 8, Line 8. This portion begins with the defendant Romano and Mirkovic discussing Mirkovic placing a phone call to "the guy," a veiled reference to the contract killer. As the conversation continues, during discussions of other projects that Mirkovic is working on for Romano, the defendant reiterates that Mirkovic should place the phone call and instructs Mirkovic on what to say. The portion concludes with Mirkovic telling Romano to call him at any time. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

[4] The portions proposed for redaction include discussions of their families, friends and matters of a sexual nature.

C. Page 9, Lines 34 through 40. During this portion, defendant Romano and Mirkovic conclude the call with friendly words. The government seeks to admit this portion as evidence of the relationship between the defendant and Mirkovic and to complete the authentication of the recording.

## IX. The First August 28, 2012 Telephone Call with Mirkovic

On the morning of August 28, 2012, Romano placed a telephone call from prison to coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit G.[5]

A. Page 2, Line 1 through the Second Sentence on Line 15. During this portion, a recording indicates that the call is being placed from Nassau County jail, Dejvid Mirkovic answers the call, Mirkovic and Romano greet each other, and Mirkovic indicates that he received the August 22, 2012 letter, attached as Exhibit E. The government seeks to admit this portion to authenticate the recording, introduce the participants in the conversation, and demonstrate their relationship.

B. Page 3, Line 40 through Page 5, Line 20. During this portion, the defendant and Mirkovic discuss various tasks that Mirkovic was working on for Romano, including in-kind payments that Mirkovic was making to inmates in jail so that Romano could evade law enforcement surveillance by using those inmates' identification numbers to place prison phone calls, including calls in furtherance of the charged murder conspiracy. The defendant also boasts that if he was out of prison, he and Mirkovic would be able to accomplish everything swiftly, a veiled reference by the defendant to the murder plot, among other things. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

C. Page 7, Line 43 through Page 8, Line 27. During this portion, the defendant admonishes Mirkovic to perform his tasks according to Romano's precise instructions. In particular, Romano chastises Mirkovic for leaving voicemails when Romano had previously

[5] The portions proposed for redaction include discussions of the defendant's family, the sale of property, bills and other financial issues.

directed Mirkovic to speak to someone directly. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

## X. The Second August 28, 2012 Telephone Call with Mirkovic

On the afternoon of August 28, 2012, Romano placed a telephone call from prison to coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit H.[6]

A. Page 2, Lines 1 through 13. During this portion, a recording indicates that the call is being placed from Nassau County jail, Dejvid Mirkovic answers the call, and Mirkovic and Romano greet each other. The government seeks to admit this portion to authenticate the recording, introduce the participants in the conversation, and demonstrate their relationship.

B. Page 3, Line 14 through Page 4, Line 37. During this portion, the defendant and Mirkovic again discuss payments that Mirkovic was making to inmates in jail so that Romano could evade law enforcement surveillance by using those inmates' identification numbers to place prison phone calls, including calls in furtherance of the charged murder conspiracy. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

C. Page 6, Line 16 through Page 7, Line 24. During this portion, the defendant and Mirkovic discuss tasks that Mirkovic was performing for the defendant, including a thinly veiled reference to the telephone call to the contract killer. When Mirkovic confirms that he had attempted to make that telephone call, in furtherance of the murder conspiracy, Romano gives him additional instructions as to how to make the call. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

---

[6] The portions proposed for redaction include discussions regarding a gag electric chair that Mirkovic was having made at the defendant's direction, the defendant's relationship with his wife, the rental of property owned by the defendant, and associates of the defendant and Mirkovic.

## XI. The August 30, 2012 Telephone Call with Mirkovic

On August 30, 2012, Romano placed a telephone call from prison to coconspirator Dejvid Mirkovic, which was recorded. The government wishes to admit the following portions of that conversation, identified by page and line number of the transcript of that conversation, a copy of which is attached as Exhibit I.[7]

A. Page 2, Lines 1 through 15. During this portion, a recording indicates that the call is being placed from Nassau County jail, Dejvid Mirkovic answers the call, and Mirkovic and Romano greet each other. The government seeks to admit this portion to authenticate the recording, introduce the participants in the conversation, and demonstrate their relationship.

B. Page 5, Line 32 through Page 7, Line 17. During this portion, the defendant and Mirkovic discuss tasks that Mirkovic was performing for the defendant, including the tasks set forth in the August 22, 2012 letter, attached as Exhibit E, and a thinly veiled reference to the telephone call to the contract killer. When Mirkovic indicates that he has not been able to reach the contract killer, the defendant directs Mirkovic to call every day until he is able to reach the contract killer. The government seeks to admit this portion as direct evidence of the charged conspiracy crimes and to demonstrate the defendant's relationship with coconspirator Mirkovic.

## XII. The September 3, 2012 Letter to Mirkovic

On September 3, 2012, Romano sent a letter to coconspirator Dejvid Mirkovic. A copy of the letter is attached as Exhibit J. The government wishes to admit the date, the greeting, the first and last sentences of the letter, and the salutation. The government proposes redacting the second-to-last sentence of the letter. In the portion of the letter that the government seeks to admit, Romano encloses an identification card from the jail and directs Mirkovic to use the photo to make passport photos. The government seeks to admit the relevant portions of the letter as evidence of the defendant's conspiratorial relationship with Mirkovic during the heart of the charged conspiracy crimes, as well as Mirkovic's willingness to act as the defendant's agent outside of prison.

[7] The portions proposed for redaction include discussion of a sexual nature and conversation regarding the gag electric chair and cars belonging to the defendant and Mirkovic.

XIII. Conclusion

For the reasons set forth above and in the government's prior submissions, the government respectfully submits that the Court should admit the above-identified portions of the relevant recordings and deliver the requested instruction to the jury.

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States
WILLIAM J. HOCHUL, JR.
United States Attorney

By: /s/ Marshall L. Miller
Marshall L. Miller
Una A. Dean
Assistant U.S. Attorneys
(718) 254-6421/6473

Encl.

cc: George Goltzer, Esq. (via email and ECF)
Michael Bachrach, Esq. (via email and ECF)