UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,          :
                                   :
          -v.-                     :          No. 12 Cr. 691 (JFK)
                                   :
JOSEPH ROMANO,                     :          **OPINION & ORDER**
                                   :
          Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JOHN F. KEENAN, United States District Judge:**

In its Opinion filed August 27, 2013, this Court ruled on certain evidentiary matters but reserved decision as to whether Defendant's statements to actual and perceived co-conspirators regarding certain other bad acts would be admissible at trial under Rule 404(b) of the Federal Rules of Evidence. The Government submitted recordings and transcripts of Defendant's conversations on September 9, 2013. By Order dated October 17, 2013, this Court directed the Government to clarify which specific statements it wishes to admit, and further directed the defense to notify the Court of any objections.

The Court has now reviewed the parties' submissions, and its rulings on admissibility are set forth below. The page and line numbers correspond to the versions of the transcripts submitted by the Government on November 1, 2013.

I. **The August 10, 2012 Meeting with the Confidential Informant**

A. <u>2:1-4.</u> Admissible with no objection from Defendant.

B. <u>17:10 - 22:1.</u> Admissible. Defendant argues that a portion of this colloquy, at 17:42 - 18:5, is likely to mislead the jury into inferring that he intended to harm the Judge's children. The Court disagrees. The colloquy is therefore admissible in its entirety.

C. <u>23:28 - 29:43.</u> Admissible. Defendant argues that a portion of this colloquy, at 23:28 - 26:2, should not be admitted because he was joking. The defense is free to argue that interpretation to the jury.

Defendant also argues that this portion of the colloquy is needlessly repetitive of other portions and should therefore be excluded under Rule 403. This contention is rejected as meritless. The colloquy is therefore admissible in its entirety.

D. <u>33:39 - 42:12.</u> Admissible. Defendant objects to two portions of this colloquy, at 35:32 - 36:12 and 36:31-43, because he was joking and because these portions are unfairly prejudicial. These contentions are rejected for the same reasons as discussed above.

E. <u>51:17 - 55:32.</u> Admissible with no objection from Defendant.

F.   56:19 – 58:11 (the end).   Admissible with no objection from Defendant.

## II.   The August 16, 2012 Telephone Conversation with Mirkovic

A.   2:1-26.   Admissible with no objection from Defendant.

B.   4:8 – 5:22.   Admissible with no objection from Defendant.

C.   6:13-25 (the end).   Admissible with no objection from Defendant.

## III. The August 21, 2012 Meeting with the Undercover Officer

This conversation is admissible in its entirety.   Defendant agrees that most of it is admissible, but argues that 14:37 – 15:20 must be redacted because it concerns Defendant's violation of the terms of his pretrial release.   The Court disagrees.   The Court's prior opinion expressly reserved decision as to whether Defendant's statements about violating his bail are admissible to establish "the development of the relationship" and "the basis for the trust" between him and his perceived co-conspirators. (ECF No. 98.) (Op. at 11-13 (quoting United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009)).)   The Court now holds that this colloquy is admissible for those purposes under the Second Circuit's inclusionary approach. See generally United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996).

3

In so holding, the Court notes the statements are not "overly prejudicial." Id. First, the conduct underlying the bail violation (the second coin fraud) has already been ruled admissible. Second, the fact of the bail violation is considerably less inflammatory than the charged conduct at issue in this case. See, e.g., United States v. Stanley, No. 09 Cr. 141, 2010 WL 1633459, at *2 (E.D.N.Y. Apr. 21, 2010) (citing United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000)); United States v. Kassir, No. 04 Cr. 356, 2009 WL 976821, at *6 (S.D.N.Y. Apr. 9, 2009) (citing United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999)).

**IV.    The August 21, 2012 Telephone Conversation with Mirkovic**

A.    2:1-7. Admissible with no objection from Defendant.

B.    3:20-28. Admissible with no objection from Defendant.

C.    5:9 - 7:24. Admissible. If the Government moves at trial to admit 5:9 - 6:15, the portion at 6:16 - 7:24 will also be admitted pursuant to Defendant's Rule 106 request.

D.    8:19 - 9:27. Admissible with no objection from Defendant.

E.    10:16-24 (the end). Admissible with no objection from Defendant.

### V.    The August 22, 2012 Letter to Mirkovic

This letter is admissible in its entirety.  In arguing otherwise, Defendant mischaracterizes this Court's prior opinion, which held that evidence regarding an escape attempt is not admissible as direct evidence of the conspiracy or to prove preparation and plan, but which contained no ruling on whether such evidence would be admissible to demonstrate relationship and trust between Defendant and his co-conspirators. Defendant's contentions in this regard are rejected for substantially the same reasons as discussed in Part III above.

Defendant also argues that the Government should be precluded from arguing that this letter is probative of Mirkovic's state of mind.  As a general matter, it will be for the jury to decide what inferences to draw, from all of the relevant evidence before it, regarding the relationship between Defendant and Mirkovic.  The parties may object to improper lines of questioning at trial, but the Court declines to make a broader, prophylactic ruling at this time.


### VI.   The August 24, 2012 Telephone Conversation with Mirkovic

A.    2:1-11.  Admissible with no objection from Defendant.

B.    3:39 – 8:8.  Admissible with no objection from Defendant.

C.    9:34-40.  Admissible with no objection from Defendant.

5

## VII. The First August 28, 2012 Telephone Conversation with Mirkovic

A.    <u>2:1-15 (second sentence).</u>  Admissible with no objection from Defendant.

B.    <u>3:40 - 5:20.</u>  Admissible with no objection from Defendant.

C.    <u>7:43 - 8:27.</u>  Admissible.  The defense argues that this colloquy has nothing to do with the charged conduct but refers exclusively to "Melissa," someone who apparently was uninvolved in the alleged conspiracy.  Although Defendant does mention Melissa by name, the Court disagrees that the colloquy can only interpreted as the defense now contends.  Indeed, Defendant also remarks in the conversation that his instructions are "really important for <u>all</u> the shit that we're doing." (8:25 (emphasis added).)  The colloquy is therefore admissible, and the parties can argue their interpretations of it to the jury.

## VIII.    The Second August 28, 2012 Telephone Conversation with Mirkovic

A.    <u>2:1-13.</u>  Admissible with no objection from Defendant.

B.    <u>3:14 - 4:37.</u>  Admissible with no objection from Defendant.

C.    <u>6:16 - 7:24.</u>  Admissible with no objection from Defendant.

## IX.  The August 30, 2012 Telephone Conversation with Mirkovic

A.    <u>2:1-15.</u>  Admissible with no objection from Defendant.

6

B.    5:32 - 7:17. Admissible. Defendant's argument that 5:32 - 6:6 should be excluded, on the grounds that this portion discusses his alleged escape plans, is rejected for substantially the same reasons as set forth in Part III above.

### X.    The September 3, 2012 Letter to Mirkovic

This letter is admissible, except that the second and third sentences that appear in the body of the letter must be redacted. Defendant's arguments for exclusion that relate to his escape plan and Mirkovic's state of mind are rejected for substantially the same reasons as set forth in Parts III and V above. Defendant's variance argument is rejected as without merit.

### XI. Rulings on the Parties' Additional Requests

The Government seeks a jury instruction regarding the authenticity of the recordings and the propriety of their redaction. The defense consents to the instruction. The Court will so instruct the jury.

The Government makes two further requests. First, it asks that the defense be precluded from offering additional portions of these recordings that have not yet been ruled upon. At the same time, however, the Government also seeks leave "to reargue

7

for admission of the recordings and letters in their entireties, or additional portions thereof, should a defense be advanced that alters the decision-making framework." (Gov. Nov. 1, 2013 Letter at 2.)  Suffice it to say that this Order and the Court's Opinion of August 27, 2013 together contain what the Court intends to be the final rulings on the admissibility of the evidence offered thus far.  Barring unforeseen circumstances or a more concrete showing of "gamesmanship" by one of the parties, the Court does not anticipate revisiting these rulings and will be disinclined to do so.

The defense states that there may be a dispute about whether the Government has failed to produce one recorded conversation.  The parties have advised the Court that their discussions regarding this matter are ongoing.  The Court therefore makes no ruling on this issue at this time.

The defense also seeks to reserve any Rule 103 applications until it has reviewed this Order.  So that the evidence may be prepared in advance of trial, the defense is directed to identify, to the Government, any additional portions it wishes to admit no later than December 2, 2013.  If there is a dispute on this matter, the parties may submit a joint letter to the Court no later than December 9, 2013.

Finally, this Order confirms that the parties are to submit their requested charge and voir dire requests no later than

8

January 3, 2014.  Any pretrial motions should be made no later than December 16, 2013.

**SO ORDERED.**

Dated:      New York, New York
            November 21, 2013

s/John F. Keenan

John F. Keenan
United States District Judge

9