

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

MLM:UAD

December 16, 2013

VIA U.S. MAIL AND ECF

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

       Re:   United States v. Joseph Romano
             Criminal Docket No. 12-691 (JFK)

Dear Judge Keenan:

      The United States respectfully submits this letter as a motion <u>in</u> <u>limine</u> to preclude cross-examination of a government witness in connection with trial in the above-referenced matter.  Trial is scheduled to commence on January 6, 2014.

I.   <u>Background</u>

      At trial in the above-referenced case, the government anticipates that it will call Detective John Wighaus of the Nassau County Police Department as a witness.  On one occasion during the charged conspiracy, Detective Wighaus met with the defendant's coconspirator Dejvid Mirkovic while posing as an associate of the "hit man" hired by the defendant.  During this meeting, Dejvid Mirkovic paid Detective Wighaus $1,500 as a down payment for an assault ordered by the defendant.

      Pursuant to our obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the government has disclosed to the defendant that, in 1999, Detective Wighaus was named in a civil lawsuit in his capacity as a police officer following an April 1996 arrest.[1]  The

---

[1]    The County of Nassau and two other police officers were also

arrest was made based on the individual's resemblance to an armed robbery suspect, but it was later established that the individual was not, in fact, the suspect sought.  The lawsuit proceeded to trial in April 2000, and a jury found Detective Wighaus liable for false arrest and failure to intervene, but found him not liable on all other causes of action, including excessive force, abuse of process and battery.  The jury awarded the plaintiff in that case, who was the individual erroneously arrested, $45,000 plus attorney's fees and costs.  For the reasons set forth below, the Court should preclude the defendant from cross-examining Detective Wighaus concerning the lawsuit or the acts underlying the lawsuit.

II.  <u>Legal Standards</u>

It is axiomatic that the Confrontation Clause of the Sixth Amendment "guarantees . . . 'an <u>opportunity</u> for effective cross-examination, not cross-examination in whatever way and to whatever extent the defense may wish.'"  <u>Kentucky v. Stincer</u>, 482 U.S. 730, 739 (1987) (quoting <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985)) (emphasis in original); <u>accord</u> <u>Delaware v. Van Arsdell</u>, 475 U.S. 673, 679 (1986).  Accordingly, "trial judges retain wide latitude . . . to impose reasonable limitations on such cross-examination," <u>Van Arsdell</u>, 475 U.S. at 679, and the exercise of the trial court's discretion will not be overturned on appeal unless the appellate court is convinced that the limitation of cross-examination was unfairly prejudicial to the defendant.  <u>United States v. Scarpa</u>, 913 F.2d 993, 1018 (2d Cir. 1990); <u>United States v. Singh</u>, 628 F.2d 758, 763 (2d Cir. 1990).

Rule 608(b) permits cross-examination on specific instances of conduct, within the discretion of the court, only "if probative of truthfulness or untruthfulness."  Additionally, under Rule 611(a)(3), the Court, in its exercise of control over the presentation of the proof, may limit cross-examination in order to "protect witnesses from harassment or undue embarrassment."  Finally, Rule 403 provides for the exclusion of probative evidence if its value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or unnecessary delay.

---

named in the lawsuit.

III.    Argument

The government respectfully submits that the Court should preclude cross-examination of Detective Wighaus regarding the civil lawsuit or the acts underlying the lawsuit.  There is no allegation that Detective Wighaus lied about or attempted to cover up his role in the erroneous arrest, and there is no indication that there was any adverse finding during the course of the trial regarding Detective Wighaus' credibility.  The actions of Detective Wighaus in connection with the lawsuit and the underlying arrest therefore lack any probative value concerning Detective Wighaus' character for truthfulness or untruthfulness and are not admissible pursuant to Federal Rule of Evidence 608(b).  See United States v. Stone, Cr No. 05-401 (ILG), 2007 WL 4410054, *1 (E.D.N.Y. Dec. 14, 2007) (internal quotation marks and citation omitted) ("If all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Evid. 608."); United States v. Laster, No. 06-CR-1064 (S-1)(JFK), 2007 WL 2872678, at *2 (S.D.N.Y. Sept. 28, 2007) (precluding cross-examination where substantiated Civilian Complaint Review Board complaint did not involve allegations that police officer lied about or attempted to cover up underlying incident).

There is otherwise no permissible basis upon which to allow cross-examination of Detective Wighaus regarding the erroneous arrest, particularly in light of the fact that the arrest took place over seventeen years ago and in an entirely unrelated matter. Indeed, the ancient nature of the conduct further undermines any possible probative value and supports an order precluding inquiry. See United States v. Schwab, 896 F.2d 509, 513-14 (2d Cir. 1989) (holding that prosecutor acted improperly in seeking to cross-examine defendant on charges made 23 and 18 years previously); United States v. Turcotte, 515 F.2d 145, 151 (2d Cir. 1975) (upholding preclusion of cross-examination about assault 14 years earlier). Cross-examination could thus only serve to embarrass the witness or distract the jury and should be precluded pursuant to Federal Rule of Evidence 611(a)(3) and 403.

III. Conclusion

For these reasons, the government respectfully requests that the Court preclude the defendant from cross-examining Detective

Wighaus about the lawsuit and the acts underlying the lawsuit, as described herein.

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States
WILLIAM J. HOCHUL, JR.
United States Attorney

By:    /s/ Una A. Dean
       Marshall L. Miller
       Una A. Dean
       Assistant U.S. Attorneys
       (718) 254-6421/6473

cc:        George Goltzer, Esq. (via email and ECF)
           Michael Bachrach, Esq. (via email and ECF)

4