LAW OFFICE OF

# MICHAEL K. BACHRACH

276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001

--------------

TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *    http://www.mbachlaw.com
* admitted in N.Y. and D.C.    michael@mbachlaw.com

January 5, 2014

By ECF

The Hon. John F. Keenan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>           *Re: United States v. Joseph Romano,*
>           *12 Cr. 691 (JFK) (EDNY)*

Dear Judge Keenan:

  We represent Defendant Joseph Romano in the above-referenced matter and submit this letter in opposition to the Government's motion *in limine*, dated, January 3, 2014 (*ecf* #133). The Government's motion provides notice that it "does not intend to call" its principal informant, Gerald Machacek, in its case-in-chief notwithstanding the fact that the Government had previously provided 3500 material related to that witness. Due to this apparent tactical change, the Government seeks to introduce recordings between Machacek and the defendant shielded by a limiting instruction that Machacek's statements in those recordings, unlike the defendant's, are "not being offered for their truth" (Gov't letter at 1). Simultaneously, the Government also seeks an order precluding the defense from impeaching that same now-out-of-court declarant. The Government's motion should be rejected out of hand.

  While the Government may utilize supervising agents to introduce recorded testimony between a defendant and a non-testifying witness, it may not do so without accepting the consequences of such tactics. The problem for the Government here is that the Due Process Clause of the Fifth Amendment, the Confrontation and Compulsory Process Clauses of the Sixth Amendment, and Rule 806 of the Federal Rules of Evidence, were all designed to protect *the defendant* in these very situations – specifically to protect the defendant from Government attempts to prejudicially shield the jury from learning about the flaws in the Government's case. Should the Government choose to introduce the recordings of Machacek and the defendant through a supervising agent rather than through Machacek's in-court testimony, then the Government cannot also be permitted to do so in a manner that usurps the defendant from confronting his accuser, presenting a defense, and impeaching the credibility of the non-testifying declarant.

The Hon. John F. Keenan
January 5, 2013
Page 2 of 5

First, to put the issue in context, Gerald Machacek is the Government's principal informant. He is the individual that suggested to the Government in August 2012 that the defendant wanted to kill Judge Bianco and Assistant United States Attorney Gatz, and that Romano was "100% capable and has the means to do this" (3500-GM-14 at 1-2). To our knowledge he is the only informant to have been recorded eliciting the statements that the Government will now rely upon to establish Romano's involvement in the conspiracies.[1] It is the defense position that Machacek induced the defendant to enter into the conspiracies charged in the instant indictment, and that Romano would not have entered into the conspiracies if not for being entrapped.

There is no question, nor even a suggestion, that the Government will argue that *Romano's* statements in response to Machacek should not be admitted for their truth, yet the Government does not want the jury to be in a position to consider the truth or purpose behind *Machacek's* statements during the same conversations. As such, what the Government proposes is to present Machacek's recorded conversations with Romano through the agent that supervised the recordings, coupled with a limiting instruction and preclusion order that would prevent the defense from effectively challenging the conversations. Such would be akin to instructing a jury that only a witness's answers are evidence, not the answers given in the context of the questions. Or, to put it another way, it would be akin to presenting the jury with a series of statements stripped of the questions or inducements that give them their meaning.

Here, the Government has been made aware that entrapment will be relied upon as a defense at trial. As a result, the Government appears to be making every effort to prevent Mr. Romano from presenting that defense. The law, however, is not on the Government's side.

For starters, Machacek's statements were testimonial for purposes of the Confrontation Clause and *are* coming in for their truth. See Crawford v. Washington, 541 U.S. 36 (2003); Fed.R.Evid. 803(5), 803(8); see also David v. Washington, 547 U.S. 813, 823 (2006) (holding that statements "are testimonial when the circumstances objectively indicate that there is no … ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"); cf. Fed.R.Evid. 106.

Machacek was a wired-up informant acting as an agent for the Government whose primary purpose was to elicit incriminating statements that the Government will now rely upon at trial. During the recordings Machacek repeats statements that he claims Romano had stated in the past (including statements directly related to the charged murder conspiracies), both to make the prior statements part of the recording as well as in an effort to induce Romano into adopting them while being recorded. At the Government's

---

[1]  The Government does have later recordings between Mr. Romano and an undercover law enforcement officer, as well as recordings of Mr. Romano and his co-defendant David Mirkovic, and recordings between Mr. Mirkovic and the undercover officer, however those later recordings do not capture the sequence of events recorded between Mr. Machacek and Mr. Romano in the recordings in question.

behest he also questions Romano about past statements and actions regarding a wide range of conduct, including, but not limited to, the prior coin fraud case, the subsequent uncharged coin fraud allegations that resulted in Romano's loss of liberty and revocation of bail, prior and continuing escape plans, Romano's relationship with Mirkovic and others, as well as Romano's opinion of Judge Bianco, AUSA Gatz, Mirkovic, Nick Pittas, Charlie Carnesi, and other individuals related to Romano's past and present charges. Mirkovic also discusses his own conduct in an effort to further the recorded conversations. Not merely were his statements intended for their truth, by making them Machacek placed squarely in issue his own interests, bias, and motive. See United States v. Check, 582 F.2d 668, 684 n.44 (2d Cir. 1978) (holding that when the Government introduces the out-of-court testimony of a Government informant, the defense may impeach the credibility of the out-of-court informant pursuant to Fed.R.Evid. 806).

The Rules of Evidence clearly provide that the defendant has the right to impeach the credibility of any individual whose statements are being used against him at trial, either through cross-examination of the testifying declarant under Rule 607, or pursuant to Rule 806 when the declarant does not testify in the Government's case-in-chief as appears to be case here.

Rule 806 provides:

> When a hearsay statement – or a statement described in Rule 801(d)(2)(C), (D), or (E) – has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

In Check the Second Circuit specifically held that Rule 806 may be relied upon by the defense to establish the non-testifying declarant's bias as well as his interests and motive to testify falsely. See Check, 582 F.2d at 684 n.44. Indeed, when a defendant raises an entrapment defense, the right to impeach the credibility of his accusers has been held to be so strong that it can override the Government's interest in withholding the identity of its non-testifying informants. See DiBlasio v. Keane, 932 F.2d 1038 (2d Cir. 1991); United States v. Price, 783 F.2d 1132 (4th Cir. 1986); see also Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988).

The Hon. John F. Keenan
January 5, 2013
Page 4 of 5

      The Government cites to three cases in support of its position that Rule 806 does not apply: United States v. Paulino, 445 F.3d 211 (2d Cir. 2005); United States v. Zagari, 111 F.3d 307, 318 (2d Cir. 1997); and United States v. McGowarn, 58 F.3d 8, 15-16 (2d Cir. 1995); however none of those cases apply to the facts underlying Romano's trial.

      In Paulino, the defendant's father had consented to a search of a hall closet in which the Government found cocaine. This discovery then led the police to search other areas of the apartment, including the defendant's bedroom, where additional cocaine was discovered. At trial, the Government introduced statements regarding the defendant's *father's* consent to the search as well as subsequent statements wherein the defendant's father claimed responsibility for the cocaine in the hall closet but not for the cocaine found in other areas of the apartment. In that case, the Court ruled that the defendant's father's statements were admitted not for their truth but rather to establish how the police proceeded with their investigation. Such is completely distinguishable from the present matter where the Government sent a wired-upon informant into a jail cell essentially to interrogate the defendant based upon past statements and actions, to induce the defendant into adopting the truth of past statements, and to convince the defendant to participate in additional conduct in the future. Unlike in Paulino, here the statements in question are clearly testimonial and clearly offered for their truth.

      In Zagari, the Government introduced testimony about statements made by a co-defendant's former attorney during a co-defendants' meeting, but then precluded the defense from introducing an affidavit from that attorney, which the attorney had later provided to the Government to avoid being indicted for his own conduct. The Court held that the co-defendant's former attorney's statements during the co-defendant meeting were admissible to show the defendants' scienter, not to show the truth of the former attorney's statements, and as a result the statements could not be impeached by his subsequent affidavit. Such is a clearly distinguishable situation from the statements at issue here. Here, unlike in Zagari, the out-of-court declarant was acting as a Government agent, not as a co-defendant's attorney, and the statements at issue were not being made simply to establish scienter, but rather as a means of interrogating the defendant, inducing the defendant to adopt past statements, and convincing the defendant to participate in future unlawful conduct. Further, a critical factor in Zagari was that the declarant's intent was not in issue, whereas here the declarant's intent is an element of the defense.

      Finally, in McGowarn, the Government had introduced tape recordings made by a government non-testifying informant whose role was to help facilitate the crime. While the Court held the informant's statements were not admitted for their truth, and thus did not open the door to impeachment of the informant's credibility, the Court did so only upon a finding that the informant's "credibility was irrelevant" to the case. There, however, an entrapment defense had not been raised. As such, the contours of the case were once again completely different than the case at bar.

      Here, since Romano will be relying upon an entrapment defense, Macachek's interests, bias, and motive, are all squarely at issue in this case, and as such the defense

has the right to challenge them.  See Crane v. Kentucky, 476 U.S. 686, 690 (1986) ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."); see also Chambers v. Mississippi, 410 U.S. 284 (1973).

The Second Circuit recently addressed the elements of entrapment, "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." United States v. Cromitie, 727 F.3d 194, 204 (2d Cir. 2013), quoting, Mathews v. United States, 485 U.S. 58, 63 (1988).  "The defendant has the burden of showing inducement … and, if inducement is shown, the prosecution has the burden of proving predisposition beyond a reasonable doubt." Cromitie, 727 F3d at 204 (citations omitted).

Here, when evaluating whether Romano was induced to enter the charged murder conspiracies, an important factor is whether Machacek had an interest, bias, or motive to induce Romano to do so.  Were the Government permitted to preclude Romano from impeaching the credibility of Machacek through the supervising agent who will be relied upon to introduce Machacek's out-of-court statements, such would directly interfere with Romano's ability to present the jury with evidence that he had been induced by the Government to enter into the presently charged conspiracies.  In turn, the Government's proposed limiting instruction and preclusion order would have the effect of directly interfering with Romano's right to present a complete entrapment defense, such would not merely violate Rule 806, but also the Fifth and Sixth Amendments as well.

Accordingly, for all of the reasons discussed above, we respectfully submit that the Government's motion-in-limine must be rejected in its entirety.  Since Romano will be relying upon an entrapment defense, Machacek's criminal history, bad character and conduct, and the nature of any benefit Machacek may have received from the Government, are all material and relevant to the question of whether Romano was induced into committing the charged crimes.  The Government's proposed limiting instruction must be similarly rejected since it is not an accurate statement of law in light of, inter alia, the defendant's reliance on the defense of entrapment.

Respectfully submitted,

Michael K. Bachrach
George R. Golzter

*Attorneys for Defendant*
*Joseph Romano*

cc:   All parties of record (by ECF)