LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
\--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                                    http://www.mbachlaw.com
\* admitted in N.Y. and D.C.                                                              michael@mbachlaw.com

January 5, 2014

By ECF

The Hon. John F. Keenan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>       *Re: United States v. Joseph Romano,*
>       *12 Cr. 691 (JFK) (EDNY)*

Dear Judge Keenan:

  We represent Defendant Joseph Romano in the above-referenced matter and submit this letter to formally notify the Government and this Court of our intention to pursue an entrapment defense at trial.  See United States v. Cromitie, 727 F.3d 194 (2d Cir. 2013) (discussing elements of entrapment).  Similarly, and as a result, pursuant to Rule 106 of the Federal Rules of Evidence we hereby move *in limine* for the admission of the entirety of the August 10, 2012, recorded conversation between the defendant and the Government's cooperating informant, Gerald Machacek.

  To provide context to the present application, beginning on or about December 18, 2013, the defense received the Government's first batch of 3500 material.  Shortly thereafter, on December 23, 2013, the Government first informed the defense that it was considering not calling to testify its primarily – and possibly only – cooperating informant, Gerald Machacek.[1]  We immediately put the Government on notice that if it did not call Mr. Machacek in its case-in-chief, then we wished to call him as part of the defendant's case.

  Thereafter, the Government cemented its decision not to call Mr. Machacek as a witness in its case-in-chief, a position that the Government formally notified the defense and this Court of on January 3, 2014 (see Gov't Motion in Limine, dated, January 3, 2014 [*ecf* #133], at 1-2).  The Government's decision not to call Mr. Machacek as a witness in its case-in-chief, coupled with the information the defense only first learned during our review of the 3500 material, has led us to determine that the defense of entrapment must be pursued.

---

[1]    To date, Mr. Machacek is the only informant for which 3500 material has been disclosed.

The Hon. John F. Keenan
January 5, 2013
Page 2 of 2

"A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." Cromitie, 727 F.3d at 204, quoting, Mathews v. United States, 485 U.S. 58, 63 (1988). "The defendant has the burden of showing inducement … and, if inducement is shown, the prosecution has the burden of proving predisposition beyond a reasonable doubt." Cromitie, 727 F3d at 204 (citations omitted). For the reasons explained in our letter (*ecf* #138) filed earlier today in response to the Government's most recent motion *in limine* (*ecf* #133), we respectfully submit that entirety of the August 10, 2012, recording is material and relevant to a showing of Government inducement.

We recognize that the decision to pursue an entrapment defense may impact this Court's prior Rule 404(b) determinations, and we apologize to the Court for any inconvenience. To the extent that this Court believes it necessary, we hereby withdraw our opposition to the Government's Rule 404(b) motion, dated, April 18, 2013 (*ecf* #64). To be certain, it was not until we had been provided the 3500 material that we realized that entrapment was a viable defense in this case – indeed a defense that could be established based upon evidence already in the Government's possession but until now not known to the defense.

Respectfully submitted,

Michael K. Bachrach
George R. Golzter

*Attorneys for Defendant*
*Joseph Romano*

cc:   All parties of record (by ECF)