UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                               :
    -against-                  :           No. 12 Cr. 691 (JFK)
                               :           **MEMORANDUM OPINION & ORDER**
JOSEPH ROMANO,                 :
                               :
              Defendant.       :
------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is the Government's motion in limine seeking to preclude the defense from impeaching the Government's informant, Gerald Machacek, whom the Government is not calling in its case-in-chief. For the reasons that follow, the motion is granted.

The conversation at issue occurred on August 10, 2012 between Defendant and Machacek, who recorded it. It is important to note that Defendant is not seeking the exclusion of the conversation under Rules 403 or 404(b), or any other provision of the Federal Rules of Evidence. Indeed, the Court has admitted the entire recording upon Defendant's motion. See Fed. R. Evid. 106. In opposing the Government's motion, Defendant instead argues that he must be allowed to introduce evidence that undermines Machacek's credibility.

Defendant is mistaken. "The Federal Rules of Evidence provide that a declarant's credibility may be attacked only "[w]hen a hearsay statement, or a statement defined in Rule

801(d)(2)(C), (D), or (E) has been admitted into evidence." United States v. Perez, No. 05 Cr. 441, 2005 WL 2709160, at *2 (S.D.N.Y. Oct. 20, 2005) (Leisure, J.) (citing Fed. R. Evid. 806). Here, the Government is offering Machacek's statements to provide context for Defendant's responses and remarks during the recording. See, e.g., United States v. Sorrentino, 72 F.3d 294, 298 (2d Cir. 1995) (overruled on other grounds) (confidential informant's statements were not hearsay where offered not "to prove the truth of the matters asserted but only to render what [the defendant] said in these conversations intelligible"); United States v. Walker, No. 99 Cr. 379, 1999 WL 777885, at *4 (S.D.N.Y. Sept. 29, 1999). Because Machacek's statements are not being offered for their truth, they are not hearsay as defined in Rule 801(c). Accordingly, Machacek's credibility is not relevant and, unless he testifies at trial, there is no valid basis for the defense to call his credibility into question. See Perez, 2005 WL 2709160, at *4 ("Because the informant's statements are not hearsay, and because the government will not call the informant as a witness at trial, it follows that defendant may not impeach the credibility of the informant.").

Defendant's remaining arguments in opposition to the Government's motion in limine are similarly meritless. First, he purports to distinguish the caselaw cited by the Government

2

because those cases do not concern a confidential informant. However, it is well settled in this Circuit that a district court may preclude the defense from impeaching an informant or cooperator who does not testify and whose recorded statements are not offered for their truth. See, e.g., United States v. Wagner, 103 F. App'x 422, 429 (2d Cir. 2004) (summary order) (vacated on other grounds); Sorrentino, 72 F.3d at 298; United States v. McGowan, 58 F.3d 8, 15-16 (2d Cir. 1995).

Second, contrary to Defendant's claims, the Government's use of the recorded conversation at trial does not violate his rights under the Confrontation Clause, as the Second Circuit has consistently held both before and after Crawford v. Washington, 541 U.S. 36 (2003), was decided by the Supreme Court. See, e.g., United States v. Paulino, 445 F.3d 211, 216-17 (2d Cir. 2006); United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990) (no Confrontation Clause problem when "the government fails to produce as a witness at trial an informant who is heard in a tape-recorded conversation with the defendant," so long as the informant's statements are offered for context and not for truth); see also Crawford, 541 U.S. at 59 n.9 (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted").

Third, the fact that the defense now plans to argue entrapment does not alter the established principles set forth by the precedent. While the defense is free to call Machacek at trial in support of its entrapment theory, it cannot impeach Machacek on the mere basis of the August 10, 2012 recording because the jury need not evaluate his credibility or motives to consider that evidence. See Wagner, 103 F. App'x at 429; Perez, 2005 WL 2709160, at *2-3. Similarly, that Machacek is the Government's "principal informant" does not change the analysis. See United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997) ("We have previously made clear that a district court need not allow impeachment of even a 'central figure' whose out-of-court statements were not admitted for their truth." (quoting McGowan, 58 F.3d at 15-16)).

Finally, Defendant repeatedly cites United States v. Check, 582 F.2d 668, 684 n.44 (2d Cir. 1978), for the broad proposition that "when the Government introduces the out-of-court testimony of a Government informant, the defense may impeach the credibility" of that informant. Check does not so hold. In that case, the panel concluded that the Government had improperly called to testify a detective whose main purpose was to serve "as a transparent conduit for the introduction of inadmissible hearsay information obviously supplied by and emanating from" a confidential informant. Id. at 678. The panel

4

further determined that there was "no doubt that the out-of-court statements uttered by Cali [the informant], audaciously introduced through the artifice of having Spinelli [the detective] supposedly restrict his testimony to his half of his conversations with Cali, were being offered to prove the truth of the matters asserted in them." Id. at 679. The Second Circuit reversed the conviction and remanded for a new trial, but noted in the footnote cited here by Defendant that it had been proper for the defense to impeach the informant, whose statements had been indirectly offered for their truth through the detective, under Rule 806. See id. at 684 n.44. In the instant case, however, Machacek's statements are not hearsay and are not being offered for their truth. Accordingly, as the Second Circuit has repeatedly recognized, there is no proper basis for impeachment under Rule 806. See Wagner, 103 F. App'x at 429; McGowan, 58 F.3d at 15-16.

## Conclusion

For the reasons stated above, the Government's motion to preclude the defense from impeaching Machacek on the basis of his recorded statements is granted. The Court will deliver a limiting instruction to the jury advising them that Machacek's statements on the recording are offered only for context and not for their truth. The defense remains free to call Machacek as its own witness. See Fed. R. Evid. 607; Perez, 2005 WL 2709160,

at *3. The defense also remains free to argue in its summation that the jury should draw an adverse inference from the Government's decision not to call Machacek. See, e.g., United States v. Torres, 845 F.2d 1165, 1170-71 (2d Cir. 1988).

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 8, 2014

s/John F. Keenan
John F. Keenan
United States District Judge