JOSEPH ROMANO [REGISTER NO. 72247-053]

U.S.P. FLORENCE ADMAX

P.O. BOX 8500

FLORENCE, COLORADO 81226


August 25, 2016


The Honorable John F. Keenan (Visiting)

Senior U.S. District Judge

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT -7 2016 ★
BROOKLYN OFFICE


Re: United States v. Joseph Romano, Docket No. 12-CR-691 (JFK)


Dear Judge Keenan:


This Defendant respectfully moves this Court for an order vacating the judgment of conviction and sentence imposed in this case, pursuant to 28 U.S.C. 2255, and for the appointment of counsel, pursuant to 18 U.S.C. 3006A (a) (2) (B), on the ground that his right to effective assistance of counsel was denied him during trial, sentencing and appellate stages of this case. Defendant also seeks a status conference to be held on September 23, 2016, at 10:00 in the forenoon. For the reasons that follow, this motion should be granted in its entirety.


I. BACKGROUND.

On November 7, 2012, a grand jury sitting in the Eastern District of New York returned a two-count indictment charging Defendant with conspiring, between February 1, 2012 and October 9, 2012, to murder both the Honorable Eric N. Vitaliano and Assistant U.S. Attorney Lara Treinis Gatz, in violation of 18 U.S.C. 1117. The indictment was signed for former U.S. Attorney (EDNY) Loretta E. Lynch who, and virtually every other AUSA in the Eastern District of New York and every U.S. District Judge in the Eastern District of New York, would subsequently recuse herself.

On January 6, 2014, trial commenced with the selection of a jury, and with the Government adducing evidence of a single conspiracy to murder both of the aforementioned federal officials. On January 23, 2014, the jury returned a general verdict of guilty on both counts. On April 14, 2014, Defendant was sentenced to two concurrent Life terms of imprisonment. The terms were ordered to run consecutively to an undercharged federal term of imprisonment for wire fraud. A timely appeal was taken. However, on November 17, 2015, a panel of the U.S. Court of Appeals for the Second Circuit affirmed the judgment. {See, United States v. Romano, 630 Fed. App'x 56 (2d Cir. 2015)} On May 16, 2016, a timely petition for a writ of certiorari to the United States Supreme Court was denied.

[Part Two]

Defendant now moves to vacate the judgment of conviction and sentence on both counts on the ground that he was denied effective assistance of counsel during virtually all critical stages of the criminal process. As demonstrated hereinafter, Defendant is entitled to prompt relief from the judgment to prevent a complete miscarriage of justice.

II. ARGUMENTS.

(A) DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY BOTH TRIAL AND APPELLATE COUNSEL WHEN COUNSEL FAILED TO OBJECT TO OR APPEAL FROM THE CLEAR VIOLATION OF DEFENDANT'S FIFTH AMENDMENT RIGHT (DOUBLE JEOPARDY) WHERE DEFENDANT WAS CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT WITH AN IDENTICAL CONSPIRACY, AND THE CONVICTION AND SENTENCE MUST BE, IN THE INTEREST OF JUSTICE, VACATED OR SET ASIDE.

The facts underlying this claim are relatively straightforward: Defendant was charged with a single conspiracy to murder both a federal judge and federal prosecutor. Despite the existence of, at best, a single conspiracy, the Government sought and obtained an indictment charging the single conspiracy in two separate counts. No explanation for this clearly and unequivocally defective pleading appears in the record. Nevertheless, given the inescapable fact that both counts charge the same offense, trial counsel should have moved to dismiss at least one of the counts as violative of the Double Jeopardy Clause of the Fifth Amendment. At very least, trial counsel should have moved, in the district court, to set aside the verdict on at least one of the unconstitutional counts. Appellate counsel did not better. He failed to seek reversal on the ground that the conviction and sentence on both counts violated the Fifth Amendment. This Court must now endeavor to right the wrong and vacate the conviction on Count Two of the indictment.

In order to sustain a claim of ineffective assistance of counsel, a defendant must demonstrate both deficient performance by the attorney and prejudice resulting from counsel's unprofessional errors. {See, e.g., Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); United States v. Balogun, 72 F.3d 9, 11 (2d Cir. 1995)} Relief may be warranted when a decision by counsel cannot be justified as a result of some kind of plausible trial strategy. {See, Kimmelman v. Morrison, 477 U.S. 365, 385 (1986)}

Despite the rigorous Strickland standard, the Second Circuit has stated that "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted sign-ificant and obvious issues while pursuing issues that were clearly and significantly weaker." {Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)} Neither trial nor appellate counsel's conduct can be squared with the Sixth Amendment requirement that this Defendant be provided effective assistance of counsel. Both failed to raise an obvious error, and the judgment must be vacated.

"[C]ounsel's failure to raise a well-established, straightforward, and obvious double jeopardy claim constitutes ineffective performance." {Jackson v. Leonard, 162 F.3d 81, 85 (2d Cir. 1998)("On the face of the indictment, it was apparent that Jackson's two charges -- first degree robbery and criminal use of a firearm in the first degree -- rested on precisely the same factual predicate.")} In the present case, there was a clear and unequivocal double jeopardy defense to both a prosecution and conviction on Counts One and Two where they were based on the same conspiracy. Indeed, the same statute was charged in both counts.

The indictment was multiplicitous and trial counsel should have moved to dismiss the indictment. "An indictment is multiplicitous when a single offense is alleged in more than one count." {United States v. Nakashian, 820 F.2d 549, 552 (2d Cir. 1987)} The single danger with a multiplicitous indictment is that a defendant may be convicted on multi-plicitous counts charging a single crime, and thereafter subjected to multiple punishments for one crime. The Double Jeopardy Clause of the Fifth Amendment "prohibits multiple punishments for the same offense." {United States v. Weingarten, 713 F.3d 704, 708 (2d Cir. 2013)} An assessment fee of $100 was imposed as to each count in the case --evincing the imposition of multiple punishments for the same offense. Furthermore, it is well-settled law that "[a] single agreement to commit several crimes constitute one conspiracy." {United States v. Broce, 488 U.S. 563, 570-71 (1989)}

While the murder of two individuals might constitute two separately punishable offense, a single conspiracy in violation of a single statute does not. {See, United States v. Korfant, 771 F.2d 660, 662 (2d Cir. 1985) (setting forth test for determining whether two alleged conspiracies are in fact one conspiracy); United States v. Gambino, 968 F.2d 227, 232 (2d Cir. 1992); United States v. Calderone, 982 F.2d 42, 45 (2d Cir. 1992); United States v. Macchia, 35 F.3d 662, 668 (2d Cir. 1994)}

A single conspiracy may not be split up for the purpose of prosecution. {United States v. DeSapio, 299 F.Supp.299 (S.D.N.Y. 1969)} The initial burden falls on the defendant invoking double jeopardy "to make [] a non-frivolous showing that two indictments in fact charge only one conspiracy." {United States v. Lopez, 356 F.3d 463, 467 (2d Cir.2004) (per curiam)} "Once a defendant introduces sufficient evidence that the two conspiracies alleged were in fact one, the burden shifts to the government to rebut the inference of unity." {United States v. Abbamonte. 759 F.2d 1065. 1069 (2d Cir. 1985): United States v. Papa, 533 F.2d 820-23 (2d Cir. 1976)} The conspiracy charged in both counts of the indictment are the same, and the Government should never have drafted the indictment in such an unconstitutional manner. Had counsel sought dismissal of the indictment, that motion would have been granted. Had he sought to set aside the verdict on double, that motion would have been granted. Trial counsel's inaction deprived Defendant of his right to effective assistance of counsel, and the judgment of conviction must now be vacated.

Appellate counsel's failure to raise the double jeopardy/multiplicity issue on appeal also deprived Defendant of his right to effective assistance of counsel on appeal. Had he raised the issue on appeal the conviction on at least one of the two counts would have been reversed. On this record, the Court must issue an order vacating at least one of the two convictions.

(B)   COUNSELS' FAILURE TO RAISE THE DOUBLE JEOPARDY/MULTIPLICITY CLAIM IN

EITHER THE DISTRICT OR APPELLATE COURT DEPRIVED DEFENDANT OF BOTH

EFFECTIVE ASSISTANCE OF COUNSEL AND A NEW TRIAL BASED ON THE CLEAR

AND UNEQUIVOCAL PSYCHOLOGICAL EFFECT OF THE OVERCHARGING.

As stated heretofore, both trial and appellate counsel were ineffective in failing to raise a clear double jeopardy claim. Both attorneys also rendered ineffective assistance of counsel when they failed to move for a new trial based on the psychological effect of the overcharging. Such a psychological effect likely factored into the jury's decision to return a verdict of guilty on both counts. Consequently, a new trial is in order.

"An indictment so multiplicitous exaggerates the jury's impression of the nature and scope of defendant's crim-inal activity by charging -- and requiring a separate finding of guilty -- 'an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." {United States v. Polouizzi, 687 F.Supp.2d 133, 160 (E.D.N.Y. 2010) (quoting United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999)); see also United States v. Reed, 639 F.2d 896, 904 (2d Cir. 1981) ("The vice of multiplicity of charges is that it may lead to multiple sentences for the same offense and may improperly prejudice a jury suggesting that a defendant has committed not one but several crimes"); United States v. Ketchum. 320 F.2d 3, 8 (2d Cir. 1963)(finding that the objectives of preventing multiplici-tous counts are "primarily those of promoting the order and efficiency of the trial and avoiding the risk that the

4

prolix pleading may have some psychological effect upon a jury" by overstating the level of the defendant's criminal activity)}

Jurors are human beings, not slot machines. They do not work in a mechanical fashion. Depending on the circumstances of a particular case, jurors may be lenient. {See, e.g., United States v. Powell, 469 U.S. 57, 65 (1984) (refusing to over-turn "inconsistent verdict")} Or, in treating recidivist and repeat offenders, jurors may be harsh. {United States v. McCallum, 584 F.3d 471, 476-77 (2d Cir. 2009) (recognizing risk of undue prejudice arising from introduction of prior convictions)}

Given the psychological effect resulting from the improper and unconstitutional charging of the single conspiracy in separate counts, and requiring the jury to return verdicts on both, and considering each separately, a new trial is warranted and would have been granted had either trial or appellate counsel sought such. On this record, the judgment

(C)  TRIAL COUNSEL'S FAILURE TO SEEK DISMISSAL OF THE INDICTMENT BASED

ON PROSECUTORIAL MISCONDUCT BEFORE THE GRAND JURY, DENIED THE

DEFENDANT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

As argued above, the indictment in this case was deliberately drafted in a way that violated Defendant's Fifth Amendment (Double Jeopardy) right. Indisputably, the indictment was plagued by multiplicitous pleadings. As noted, once a defendant makes a colorable claim of double jeopardy in the context of multiplicity, the burden shifts to the Government to demonstrate that each count charges a factually and legally distinct offense. In part, this shifting burden analysis acknowledges the "ease with which prosecutors can draft indictments that allege what appear to be separate conspiracies but may actually be parts of an overall conspiracy." {Abbamonte, 759 F.2d at 1068} The Govern-ment, being the party that drafts indictments, should bear any burden resulting from its imprecise language. {United States v. Inmon, 568 F.2d 326, 332 (3rd Cir. 1977)}

Prior to trial, counsel moved to disqualify the entire United States Attorneys Office for the Eastern District of New York. Although virtually everyone in the office disqualified themselves (including then-U.S. Attorney Loretta Lynch) AUSAs Marshall Miller and Una A. Dean remained on the case. In moving to disqualify the entire office, trial counsel took the position that he "was aware of no misconduct that occurred thus far," and had "no doubt that the two [Assistant U.S. Attorneys] will make every effort to play by the rules." {See, United States v. Romano, 2013 U.S.

Dist. LEXIS 125576, at *5 (E.D.N.Y. Mar. 20, 2013)} On counsel's representations, the motion for recusal was denied. Counsel, however, failed to call to the Court's attention the fact that the Government had

already violated not only the rules, but the Fifth Amendment's Double jeopardy Clause by deliberately returning an indictment that split into two separate counts a single conspiracy. Indeed, this was by designed, and designed to prejudice the Defendant's chances of prevailing at trial and to effectively deny Defendant a fair trial. It worked. Defendant was convicted on both counts, sentenced to two Life terms of imprisonment, and committed to America's most secure prison — in and of itself one of the most severe penalties known to federal prisoners.

Had counsel call the Court's attention to the gross governmental misconduct that occurred before the Grand Jury, the Court would almost certainly have disqualified the entire U.S. Attorneys Office for the Eastern District, and would have dismissed the indictment. Counsel's failure to make the appropriate application denied this Defendant his substantial right to both effective assistance of counsel and a fair trial. Accordingly, the judgment of conviction and sentence should be vacated, and Defendant should be granted, at very least, a new trial in the interest of justice and to prevent a complete miscarriage of justice.

(D)  THE COURT SHOULD APPOINT COUNSEL IN THE INTEREST OF JUSTICE.

Title 18, United States Code, Section 3006A(a)(2)(B), provides that the district court may appoint counsel in a case where a defendant is seeking to vacate his judgment, pursuant to 28 U.S.C. 2255. Given Defendant's present Administrative Detention confinement, and inability to conduct these legal proceedings on his own.

Accordingly, the Court should appoint counsel.

III.  CONCLUSION.

For the many reasons stated, this motion should be granted in its entirety in the interest of justice, and to prevent a complete miscarriage of justice.

Respectfully submitted,

/s/ Joseph Romano

_____

JOSEPH ROMANO

**Pro Se Writ Clerk(s)** _____

Received Document(s) on 10/12/16

At 9:19 (AM) P.M.