IN THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

Joseph Romano

                                CR# 12 CR 691 (JFK)

      V.                        Civil # 16-8189 (NFK)

United States of America

SUPPLEMENTAL ADDENDUM TO RECENTLY
FILED MOTION Pursuant To 28 USC § 2255,
In accord with Johnson V. United States
of America, 576 U.S. 591 (2015), United
States V. Davis, 139 S.Ct. 2319 (2019),
And United States V. Taylor, 142 S.Ct.
2015 (2022).

Honorable Judge Keenan:

    I most respectfully request that
this Honorable Court accept this brief
Supplemental addendum to my recently
filed motion, relevant to the above-
Captioned matters. The issues presented
are extraordinary, and Monumental.
    I incorporate by reference as if
asserted and averred in its entirety
all previous submissions pertinent to
this subject matter as if presented
here-in its entirety.
    It is incumbent upon me to
vociferously accentuate bedrock and
fundamental principles of fact and law
unambiguously and unequivocally
opined by Justice Gorsuch, of the

Supreme Court, in _United States v. Taylor, Id._ and the progeny of cases, both preceding and subsequent to it.

The 5th Amendment of the Constitution mandates that "No person shall be held to answer for a capital or otherwise, infamous crime unless on a presentment or indictment of a Grand Jury..." This is to ensure adequate notice of the charges and potential maximum sentence meets fundamental Due Process requirements.

Moreover an individual facing charges contained in an Bill of Indictment must be cognizant as to whether he is facing a "Crime of violence" or "violent felony" as these terms of art enhance and or aggravate a potential criminal sentence of imprisonment and elevate the loss of liberty to a defendant. The impactful consequences of one being held responsible for a "Crime of violence" or "violent felony" is magnanimous. A defendant must know the consequences of his actions in order to be able to make an intelligent, knowing, and voluntary decision when determining how to proceed, defend his case, or how to act in his best interests; or even whether to take action in the commission of a crime.

As clearly espoused-enunciated in our Highest Courts decisions of

_Johnson, Id, Davis, Id._ and _Taylor, Id._ the Courts held that a "Categorical approach" must be used to determine whether a federal felony may serve as a predicate for _Conviction_ and or _Sentence_ (emphasis added), under the "elements" clause of the ACCA, which poses the seminal question-query as to whether the federal felony in question has as an element the use, attempted use, or threatened use of physical force." The relevant inquiry is _NOT_ (emphasis added) how any particular defendant may commit a –the– crime but whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as, an _element of its case_ the use, attempted use, or threatened use of force." _Taylor, Id._ See, also, _Borden v. United States_, 593 U.S. ___, ___, (41 S.Ct. 1817, 210 L. Ed. 63 (2021).

Most importantly, the definitional section of our federal penal code is contained in § 16 of Title 18. In _Taylor_ all nine Supreme Court Justices concurred that the "Catagorical approach" must be used when determining whether a federal felony is in fact a "crime of violence", or "violent felony." Even the most conservative Justices Alito and Thomas conceded the applicability of the "catagorical approach" as they vehemently dissented in _Taylor, Id._

Justice Gorsuch whom wrote the majority opinion in _Taylor_, emphatically accentuated that if an offense is found to be a "Crime of Violence" the sentence of a defendant is severely aggravated; especially if it is held to be a violent crime.

In the _Taylor_ case which dominates the motion sub-judice, the Defendant's accomplice shot a victim during the course and commission of an armed robbery, and the Hobbs Act; and this predicate offense was held to be NON-Violent, (emphasis added); because of the "Catagorical approach" analysis. Not a single element of the Hobbs Act armed robbery and even aggravated assault — attempted murder required the government to prove that the defendant used, attempted to use, or threatened to use force. Exactly analagous to my case sub-judice and the inherent issue I portend to this Honorable Court.

I whole heartedly submit that since only a single definition of what constitutes a "Crime of violence" or "Violent felony" exists in our definitional section of our statutes (federal penal) and is precisely similar to other relevant statutory uses, such as the ACCA, sentencing Guidelines, etc. as delineated in my original motion, I have not committed a "Crime of violence" nor a "Violent felony" and,

4 of 12

consequently was, illegally, wrongfully and Now unConstitutionally sentenced, as if I did. My sentence, to an absolute certainty, reflected, was aggravated-enhanced by me being elevated to the stigma and consequences of being a "Violent predator and criminal."

"Congress did Not condition long prison terms on an abstract judicial inquiry into whether and to what degree this or that crime poses a risk to community peace and safety. Nor did it Mandate an empirical inquiry, into how crimes are usually committed, let alone — impose a burden on the defendant to present proof about the government's own prosecutorial habits".

Congress tasked the courts with a much more straight forword job: Look at the ELEMENTS (emphasis added) of the underlying crime and ask whether they require the government to prove the use, attempted use, or threatened use of force." Taylor, Id. at 7. Conspiracy to commit Murder, RiCO, kidnapping, Arson, fail to meet the elemental requirements. Conspiracy does not have the essential-Mandated-required-elements to be a "Crime of Violence" or "Violent felony".

In the dissenting opinion of Justice Thomas, in Taylor, Id. he specifically and particularly conceded that the Fourth Circuit Court of Appeals, found a factually

5 of 12

violent kidnapping to be outside the definition of a "Crime of violence", citing, <u>United States v. Walker</u>, 934 F. 3d 375 (2019); a case wherein the defendant Walker and his accomplice kicked in the door of a family's residence, held the victims at gun-point, pistol whipped and viciously beat some of them, demanded money, and even threatened to murder the family's four year old daughter; all before locking the family up in a sealed closet and ransacking the home.

Justice Thomas wrote that "No one could dispute that Walker's conduct presented a "Substantial risk that physical force" would be used" in the course of committing the offense," but because of <u>Davis</u> the Fourth Circuit held the facts to be NON-violent (emphasis added). See, <u>Walker</u>, 934 F. 3d at 378. <u>Taylor</u> wholly confirms this prolific stare Decisis. (Emphasis added).

Furthermore and most vehement: Justice Thomas with the Court's acquiescence expressed his dissatisfaction with using the "categorical-elements approach to "Other STATUTES" (emphasis added), beyond the exclusivity and sole application to only § 924(c). Justice Alito's <u>Taylor</u> dissent also tactly admitted, as the Majority emphasized, that factually deadly offenses NO LONGER CONSTITUTES CRIMES OF VIOLENCE", Taylor, Id., as they do not contain the required elements.

In the Footnotes to the Taylor case, 142 S.Ct. 2015 (2022), the case of United States v. Brazier, 933 F.3d 796, 798-801 (C.A.7 2019), the court held that federal kidnapping is not a crime of violence under § 924(c), despite the victim being bound, gagged, tortured, and shot); Bufkin v. United States, 800 Fed.Appx. 436, 437, 439 (C.A.7 2020), government conceded that federal kidnapping is not a crime of violence even when "the two defendants threatened the victim at gunpoint, robbed, bound, and gagged him, and drove him around in the trunk of the car for four hours before releasing him"); United States v. Sanford, 779 Fed.Appx, 568, 570 (C.A.10 2019) is another illustrative case involving kidnapping, threatening and robbing a family all at gunpoint).

In United States v. Moore, 802 Fed.Appx. 338, 340-342 (C.A.10 2020), the Court even held that federal arson is NOT (emphasis added) a crime of violence even when the defendant ignited a homemade bomb during an attempted blow up of a shopping mall.

Additionally, in United States v. Capers, 20 F.4th 105, 111-112 (C.A.2 2021) (applying United States v. Davis, 588 US.———, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019), found that a federal Racketeer Influenced and Corrupt Organization Act (RICO) Conspiracy resulting in a gangland killing could not be a violent crime predicate. Also, in United States v. Grzegorczyk, O.T. 2021, No.5967, the government

conceded that, after _Davis_, a federal murder for hire conviction was not a crime of violence.

The attached and briefed eminent cases from the conservative 3d, 4th, and 6th Circuit Courts further demonstrate that there is only an single definition and application of the term of arts, "Crime of violence" and "violent felony" and it is not restricted-limit nor only applicable to 924(c) or its predicate-substantive crimes.

(A) 3d CCA
United States v. Abreu, 32 F. 4th 271 (3d Cir. 2020).
U.S.S.G. § 2K2.1 Sentencing enhancement for a prior "violent felony" does not apply to CONSPIRACY charges because under § 4B1.2(a)(2) it does not have as an element the use, attempted use, or threatened use of physical force against the person of another, § 4B1.2(a)(1); even despite section (f) stating that the term encompasses "conspiring to commit a crime of violence."

The Third Circuit unambiguously held that § 2K2.1 (the Guidelines enhancement section for a prior "Crime of violence") and § 4B1.2's definition for "Crime of violence" DO NOT INCLUDE CONSPIRACIES."
The court further held that there is only one interpretation of the term CRIMES OF VIOLENCE and

it does not include CONSPIRACY. The prior conviction for a serious aggravated assault against another person with grievous injuries did not qualify for sentencing enhancement because it was a crime of conspiracy.

This is a case that did not include a § 924(c) charge.

(B) Fourth Circuit, United States v. Benton, 24 F. 4th 309 (4th cir. 2022).

This case derived from the extremely conservative Fourth Circuit in dicta held that aggravated assault and battery (now known as assault and battery of a high and aggravated nature and involuntary manslaughter convictions were no longer qualifying "Violent felonies" under the ACCA. Since they were no longer qualifying violent felonies, the Court wrongfully, illegally and unconstitutionally enhanced defendant's sentence, ACCA, 18 USC. § 924 (e)(1).

This monumental case involved § 922(g) violation and Not 924(c). What is paramount is the Court unequivocally held that under Johnson v. United States, 576 U.S. 591 (2015), the ACCA's definition of "Violent felony" was radically charged, See, Johnson analysis in Taylor Motion Sub-Judice, Supra.

(C) Sixth Circuit. Wallace v. United States, 43 F. 4th 595 (6th cir. 2022)

This is an monumental decision that emphatically delineates that CONSPIRACY TO COMMIT HOBBS ACT ROBBERY are NOT qualifying crimes of violence. (emphasis added).

The Courts opinion to hold that CONSPIRACY and ATTEMPT crimes are not crimes of violence is life-changing, for all defendants. The Circuit Courts opinion is clear and fervent.

Factually this case epitomizes violence and embodies - supports and evinces what we have been hypothesizing for an extended period of time.

CONSPIRACY and ATTEMPT charges, offenses and crimes lack - are devoid of the essential elements of the "use," "ATTEMPTED USE" and "THREATENED USE OF PHYSICAL FORCE AGAINST ANOTHER" (the elements clause § 924(c)(1)(A) and § 924(c)(3)(B), also the residual clause.

In Wallace, three defendant's attempted to rob the Express Market in Nashville, Tenn. While the three defendant's held the store owner and an employee at gunpoint one of the defendant's accidentally shot and killed one of his co-defendants. Subsequent to this killing Wallace shot a store employee in the head and stomach. The Victim miraculously lived.

The Sixth CCA relying on Davis (United States v. Davis), 139 S.Ct. 2319 (2019), opined that since Davis held the "residual clause" of §924(c)(3) unconstitutionally vague then Wallace's crimes can only be a "Crime of Violence" under the elements clause; Using the "Categorical Approach" wich entails examining the offenses ELEMENTS" and disregarding (emphasis added), the defendant's "actual conduct" in a particular case, is the only substance pertinent-relevant. See, United States v. Taylor, 14 S.Ct. 2015 (2015).

Consequently-henceforth, the Court must ask one single question, that is applicable to all relevant cases: (emphasis added): Will Conspiracy to commit the crime have as the/an essential element the use, attempted use, or threatened use of physical force against the person of another. THEY DO NOT.

The Wallace Court held, in spite of the facts that Hobbs Act Robbery Conspiracy does not fit within the elements clause to qualify as a crime of violence. Neither does ATTEMPTED Hobbs Act Robbery, United States v. Taylor 142 S.Ct. 2015 (2022)

Conspiracy, RICO, ATTEMPTED MURDER, ARSON, CONPIRACY to commit Murder, even devoid OF A 924(c) offense ARE NOT crimes of violence Nor violent crimes or violent Felonies. (emphasis added).

The Law could not be clearer— There is NO ambivalence, subjectivity Nor argument Now against this prevailing - dominant proposition. Life Sentences must be vacated for a NON VIOLENT CRIME.

Respectfully Submitted,

Dated this December 23, 2022.

Joseph Romano

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 0 4 2023 ★

BROOKLYN OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on _December 23, 2022_ I sent a copy of
[date]

the _Supplement/Addendum to Taylor - 12 pages total_
[name of document]

to: _Judge Keenan United States District Court_

at _225 Cadman Plaza East Brooklyn, N.Y. 11201_

_USPS- Cert.# 70222410 0001 4498 8040_ , the last known address,
by way of United States mail or courier.

Sworn this:
_December 23, 2022_
Date

_Joseph Romano_
Signature

___

Pro Se

7022 2410 0001 4498 8040

7022 2410 0001 4498 8

Name: ROMANO, Joseph
Reg No: (72247053)
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

CERTIFIED MAIL®

TICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7022 2410 0001 4498 8040

Clerk of t
Honorable J
United Sta
Eastern Dis
225 Cadmar
Brooklyn, N

26 Page
Taylor supplement
enclosed.
Dec. 23, 2022

Houston v. Lack Prison legal Mail.

040

Denver, CO PXDC 002
WED 28 [...] 2022 [...]M

USPS

he Court
idge KEENAN
tes District Court
trict of New York
Plaza East
New York
11201